IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FRANK BRANT                                                                  PLAINTIFF

v.                      CASE No. 09-CV-2119-RTD

REGIONS BANK AND UNITED
STATES OF AMERICA                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Frank Brant, proceeding pro se, filed his complaint on September 25, 2009, against Regions Bank, Inc. ("Regions") and the United States of America ("United States"). Currently before the Court is the Motion to Dismiss (Doc. 5) for lack of subject matter jurisdiction and for failure to state a claim by Separate Defendant, the United States. For the reasons set out below, the United States's Motion to Dismiss is **GRANTED**. The United States is **DISMISSED WITH PREJUDICE**, and Regions is **DISMISSED WITHOUT PREJUDICE**.

**A. Background**

Plaintiff's complaint alleges that the Internal Revenue Service ("IRS") lacked authority to levy his accounts with Regions, and thus the IRS should be enjoined from attempting to levy on his accounts in the future. Specifically, Plaintiff challenges a levy initiated by the IRS Automated Collection System and sent to Regions's headquarters in Birmingham, Alabama on September 7, 2009, in order to collect income tax liabilities for 2003, 2004, and 2005. He alleges

that the September 7, 2009, levy is invalid because it is "altogether unauthorized by law or regulation." (Doc. 1 ¶ 6). In support of his claim, he states that the levy was not signed by a real person who could represent the IRS, and that whoever did sign as "Mary Hannah" had not verified the amount of the debt or looked at the document itself.[1] (Doc. 1 ¶¶ 12, 14). He also alleges that Regions "is not located in any Internal Revenue District" and cannot be reached by levy. Plaintiff states that this Court has subject matter jurisdiction over the dispute pursuant to 28 U.S.C § 1340, the statute conferring power to hear certain IRS-related suits, and requests that this Court enjoin the United States from "attempting to collect any sums from the Plaintiff except by lawful order of a District Director . . . ." (Doc. 1 pp. 4-5). Plaintiff also requests that Regions be ordered to disregard the levy and release Plaintiff's accounts. (Doc. 1 p. 4).

**B. Standard**

This Court has an affirmative duty to ensure that any claims before it are within its subject matter jurisdiction, because "no case can properly go to trial if the court is not

---

[1] In his response to the United States's motion, Plaintiff also asserts that the federal government is not properly represented in this matter by its attorney, Jessica Reimelt. Contrary to this assertion, the Department of Justice may send "any officer...to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States." 28 U.S.C. § 516. With respect to the current matter, a U.S. Attorney is specifically authorized to oversee "civil suits, and the handling of other matters, arising under the internal revenue laws" on behalf of the government. 28 C.F.R. § 0.70.

satisfied that it has jurisdiction." *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986); *see also Strange v. Arkansas-Oklahoma Gas Corp.*, 534 F. Supp. 138, 139 (W.D. Ark. 1981) (noting court's "obligation and duty to carefully consider the pleadings...to determine whether subject matter jurisdiction exists"). Rule 12(b)(1) of the Federal Rules of Civil Procedure allows this Court to dismiss any claims over which, either on their face or in light of outside evidence, it does not have proper subject matter jurisdiction. Thus, in weighing a motion to dismiss under 12(b)(1), the court needs first to identify "12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from the pleadings." *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); see also *Osborn v. U.S.*, 918 F.2d 724, 729 (8th Cir. 1990). If the motion to dismiss attacks the complaint on its face, "the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn*, 918 F.2d at 729 n.6. Because the United States has not requested that "matters outside the pleadings [be] considered," this Court reviews the Motion to Dismiss on the face of the pleadings, accepting Plaintiff's allegations as true and making reasonable inferences in his favor. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

**C.  Discussion**

The United States argues that this Court lacks subject matter jurisdiction to hear Plaintiff's claim because the federal government has not waived sovereign immunity, and therefore, it is protected from a wrongful levy suit involving the IRS. Sovereign immunity is guaranteed by the United States Constitution, and in order to be waived, Congress must explicitly do so by act. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *United States v. Mitchell*, 445 U.S. 535 (1980). Any such waivers are to be construed strictly. *Lehman*, 453 U.S. at 161.

The Anti-Injunction Act provides the United States with specific immunity from suits brought in order to enjoin the assessment of federal taxes. 26 U.S.C § 7421(a). The Anti-Injunction Act states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." Although 28 U.S.C. § 1340, cited by Plaintiff in his complaint, creates jurisdiction for suits involving "act[s] of Congress providing for the internal revenue," this statute does not waive the immunity of the United States either expressly or impliedly. *See First Nat'l Bank v. United States*, 265 F.2d 297, 299 (3d Cir. 1959).

Thus, despite 28 U.S.C. § 1340, the Anti-Injunction Act permits the United States to "assess and collect taxes alleged


**C.  Discussion**

The United States argues that this Court lacks subject matter jurisdiction to hear Plaintiff's claim because the federal government has not waived sovereign immunity, and therefore, it is protected from a wrongful levy suit involving the IRS. Sovereign immunity is guaranteed by the United States Constitution, and in order to be waived, Congress must explicitly do so by act. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *United States v. Mitchell*, 445 U.S. 535 (1980). Any such waivers are to be construed strictly. *Lehman*, 453 U.S. at 161.

The Anti-Injunction Act provides the United States with specific immunity from suits brought in order to enjoin the assessment of federal taxes. 26 U.S.C § 7421(a). The Anti-Injunction Act states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." Although 28 U.S.C. § 1340, cited by Plaintiff in his complaint, creates jurisdiction for suits involving "act[s] of Congress providing for the internal revenue," this statute does not waive the immunity of the United States either expressly or impliedly. *See First Nat'l Bank v. United States*, 265 F.2d 297, 299 (3d Cir. 1959).

Thus, despite 28 U.S.C. § 1340, the Anti-Injunction Act permits the United States to "assess and collect taxes alleged

to be due without judicial intervention." *Enoch v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962). Plaintiff has filed just the sort of suit from which the Anti-Injunction Act provides sovereign immunity, and he has failed to cite an explicit waiver of immunity that could create subject matter jurisdiction in this Court. Even if his allegation that the levy is "unauthorized by law or regulation" could be proven true, this Court would be barred from hearing his case. See *Udey v. United States*, 534 F. Supp. 219, 221 (suit seeking injunction on IRS collection of taxes dismissed).

The Court will also consider whether Plaintiff's Complaint fails to state a claim against Regions Bank pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir. 1982)(*per curiam*)(the court has the power *sua sponte* to dismiss a complaint for failure to state a claim under Rule 12(b)(6)).

Plaintiff alleges only that Regions is not located within an Internal Revenue District. (Doc. 1 ¶ 19). Plaintiff has failed to make any substantive allegations against Regions. Based on the absence of substantive allegations relating to a potential basis for recovery, the Court finds that Plaintiff's Complaint should be dismissed against Regions Bank for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

AO72A
(Rev. 8/82)

### D. Conclusion

For the reasons set out above, Separate Defendant the United States' Motion to Dismiss for lack of subject matter jurisdiction is **GRANTED,** and Plaintiff's complaint (doc. 1) is **DISMISSED WITH PREJUDICE** as to the United States of America and **DISMISSED WITHOUT PREJUDICE** as to Regions Bank.

IT IS SO ORDERED this 2nd day of March 2010.

                              */s/ Robert T. Dawson*
                              Honorable Robert T. Dawson
                              United States District Judge

AO72A
(Rev. 8/82)